101 F.3d 716
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
YU, Claimant-Appellant,
v.
Jesse BROWN, Secretary of Veterans Affairs, Respondent-Appellee.
 No. 96-7037.
 United States Court of Appeals, Federal Circuit.
 Nov. 14, 1996.
 
 Before MAYER, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and PLAGER, Circuit Judge.
 ON MOTION
 PLAGER, Circuit Judge.
 
 ORDER
 
 1
 The Secretary of Veterans Affairs moves to waive the requirements of Fed.Cir.R. 27(e) and to dismiss YU's appeal for lack of jurisdiction. YU moves for leave to file an overly long response. YU states that the Secretary consents. YU now submits a motion for an extension of time to file an opposition, with opposition attached.*
 
 
 2
 YU appealed to the Court of Veterans Appeals from a decision of the Board of Veterans Appeals denying him relief. Thereafter, YU submitted a series of documents to the court concerning his desire to bar transmission of certain records to the Court of Veterans Appeals. On March 21, 1996, YU filed a notice of appeal with the Court of Veterans Appeals appealing from various interlocutory orders, the most recent of which was dated February 26, 1996. On April 23, 1996, the Court of Veterans Appeals issued an order with respect to the March 21 notice of appeal and another document that YU had submitted on March 4, 1996. The Court of Veterans Appeals treated the March 4 submission in part as a petition for extraordinary relief in the nature of mandamus and denied the petition, stating that YU had not shown a clear and indisputable right to the writ or alleged a lack of alternative means to obtain the relief sought. The court further construed the March 4 and March 21 submissions collectively as a motion for certification to the Federal Circuit pursuant to 38 U.S.C. § 7292(b)(1) concerning whether records could be redacted or edited before inclusion in the record on appeal from the Board of Veterans Appeals. The court denied the motion for certification. With respect to the notice of appeal, the court ordered the Clerk of the Court of Veterans Appeals to "file the appellant's construed NOA to the Federal Circuit as of the date it was received by this Court, March 21, 1996." On April 30, 1996, the court transmitted YU's notice of appeal to this court.
 
 
 3
 The Secretary argues that YU's appeal should be dismissed because the April 23, 1996 order was not a final order of the Court of Veterans Appeals. We agree that YU did not appeal from a final order. However, YU's appeal did not concern the April 23, 1996 order, because the notice of appeal was filed over a month before the Court of Veterans Appeals issued that order. YU appealed only from a series of interlocutory orders enumerated in his notice of appeal, none of which constituted final and appealable orders. The Court of Veterans Appeals' delay in transmission of the notice of appeal did not extend the scope of the notice of appeal to inclusion of the April 23, 1996 order. Because this court's jurisdiction is limited to review of final decisions of the Court of Veterans Appeals, YU's appeal must be dismissed. See 38 U.S.C. §§ 7292(a).
 
 
 4
 Accordingly,
 
 IT IS ORDERED THAT:
 
 5
 (1) The Secretary's motion to waive the requirements of Fed.Cir.R. 27(e) is granted.
 
 
 6
 (2) The Secretary's motion to dismiss is granted.
 
 
 7
 (3) YU's motion for leave to file an overly long response is granted.
 
 
 8
 (4) YU's motion for an extension of time to file an opposition is granted.
 
 
 9
 (5) The revised official caption is reflected above.
 
 
 10
 (6) Each side shall bear its own costs.
 
 
 
 *
 Although this court's original caption reflected the name of the appellant, the caption is now revised to reflect the appellant as "YU" in accordance with the caption used by the Court of Veterans Appeals